# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**Joel C. Belmonte,**               )
                                    )
    **Plaintiff,**     )
                                    )
        v.    )    Civil No. 16-1077-APM
                                    )
**Carolyn W. Colvin,**              )
                                    )
    **Defendant.**     )
_____ )

## MEMORANDUM OPINION

Plaintiff Joel C. Belmonte seeks "judicial review of wage earner's qualification for Social Security benefits." Compl. [Dkt. 1]. Defendant, in her capacity as Acting Commissioner of the Social Security Administration, has moved to dismiss the complaint for lack of subject matter jurisdiction based on Belmonte's failure to exhaust administrative remedies. Belmonte has not complied with the court's order to respond to the Commissioner's motion by October 24, 2016 [Dkt. 6], and he has not requested additional time to respond. Therefore, the court finds that Belmonte has conceded the Commissioner's documented facts that he failed to complete the administrative process and obtain a final agency decision. *See* Br. in Supp. of Mot. to Dismiss at 3-5 [Dkt. 5]; *cf. Grimes v. District of Columbia*, 794 F.3d 83, 92 (D.C. Cir. 2015) (holding that, on a motion for summary judgment when no opposition brief is filed, the district court may treat the movant's factual assertions as conceded). That failure warrants dismissal but not on jurisdictional grounds. For the reasons explained below, the court will grant the Commissioner's motion but on the ground that the complaint fails to state a claim upon which relief can be granted.

The Social Security Act authorizes judicial review of a "final decision of the Commissioner of Social Security made after a hearing to which [the plaintiff] was a party[.]" 42 U.S.C. § 405(g). Section 405(g) has both a "jurisdictional and non-jurisdictional exhaustion component[ ]." *Cost v. Soc. Sec. Admin.*, 770 F. Supp. 2d 45, 48 (D.D.C. 2011), *aff'd*, No. 11-5132, 2011 WL 6759544 (D.C. Cir. Dec. 2, 2011) (citing *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 23 (2000); *Bowen v. City of New York*, 476 U.S. 467, 483 (1986)). The requirement to present the claim to the agency is jurisdictional; the requirement to complete the administrative process is not. *Id*. Therefore, a "motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction is inappropriate where a defendant claims that a plaintiff failed to comply with only the non-jurisdictional exhaustion requirement." *Id*.

The Commissioner's motion is premised on Belmonte's failure to complete the administrative process by "appeal[ing] . . . the Agency's determinations" and obtaining "a judicially reviewable" final decision. Br. at 3. Belmonte has offered nothing to the contrary. Consequently, the court concludes that Plaintiff has failed to state a viable claim under the Social Security Act and will grant the Commissioner's Motion to Dismiss. A separate Order accompanies this Memorandum Opinion.

Dated: November 7, 2016                                      Amit P. Mehta
                                                             United States District Judge